■ SYDELLE F. SCHOENBERG, Respondent-Appellant, v GERALD H. SCHOENBERG, Appellant-Respondent. — In a matrimonial action, the parties cross-appeal from stated portions of a judgment of divorce of the Supreme Court, Nassau County, dated October 15, 1979, which, *inter alia,* (1) upon ordering the sale of the former marital residence, directed that certain payments be made from defendant's share of the net proceeds of the sale, and (2) granted plaintiff alimony and a counsel fee. Judgment modified, on the law and the facts and in the exercise of discretion, by deleting so much of the seventh decretal paragraph thereof as follows the words "and the net proceeds of sale shall be equally divided between the parties, less legal [fees] and brokerage commissions", and substituting therefor a provision to the effect that, as between the two parties, it shall be the defendant who shall be solely responsible for making the remainder of the periodic payments on the parties' Chemical Bank loan (outstanding balance of $4,890) and Hempstead Bank loan (outstanding balance of $1,775) as they may become due. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Under the circumstances of the instant case, it was improper for Special Term to require that the defendant alone satisfy the mortgage on the marital premises out of his share of the proceeds upon the sale of the house, and to further require that he similarly discharge the outstanding balance of the parties' joint obligations to the Chemical and Hempstead Banks in a single lump-sum payment. We have considered the parties' remaining contentions and find them to be lacking in merit. Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.

■ SYDELLE F. SCHOENBERG, Appellant, v GERALD H. SCHOENBERG, Respondent. — In a matrimonial action, the plaintiff wife appeals from an order of the Supreme Court, Nassau County, entered June 19, 1980, which, *inter alia,* confirmed the sale of the former marital residence. Order reversed, without costs or disbursements, and matter remitted to Special Term for further proceedings in accordance herewith. As the obvious intention of Special Term in directing the sale of the former marital residence was to secure the greatest "net proceeds" for the parties, and since a question has been raised as to whether the terms of the sale submitted for confirmation would accomplish this result, a hearing is required in order to resolve this question, as well as to determine the *bona fides* of the alleged alternate offer by the parties' son (David M. Schoenberg) to purchase the property for "all cash". After the hearing, Special Term should require the acceptance of the offer returning the greatest "net proceeds" to the parties, and should further require that the transaction be completed within a specified reasonable time (see *St. John v St. John,* 48 AD2d 911). Lazer, J. P., Gibbons, Gulotta and Cohalan, JJ., concur.